IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02413-BNB

MEAGHAN DODGE,

Applicant,

v.

LARRY REID,

Respondent.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 21 2009

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant, Meaghan Dodge, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the La Vista Correctional Facility in Pueblo, Colorado. She has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. She has paid the $5.00 habeas corpus filing fee.

On December 8, 2008, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On December 22, 2008, Respondents filed their pre-answer response. On January 5, 2009, Applicant filed a reply to the pre-answer response.

The Court must construe liberally the 28 U.S.C. § 2241 habeas corpus application filed by Ms. Dodge because she is not represented by an attorney. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110

(10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application and dismiss the action for failure to exhaust state remedies.

Ms. Dodge was sentenced on February 9, 2007, in Denver District Court case number 06CR1728 to a term of six years in the DOC, plus three years of mandatory parole. The sentence was ordered to run concurrent with any other sentence she was serving. In addition, she was awarded 340 days of credit for preconfinement time served. She argues that the DOC has miscalculated her time computation as to the six-year sentence. She claims that the DOC relied on Colo. Rev. Stat. § 18-1.3-405 in calculating her time computation, and that § 18-1.3-405 is unconstitutional and violates her Fourteenth Amendment equal protection and due process rights. Colo. Rev. Stat. § 18-1.3-403 states, in pertinent part:

> If a defendant is serving a sentence or is on parole for a previous offense when he or she commits a new offense and he or she continues to serve the sentence for the previous offense while charges on the new offense are pending, the credit given for presentence confinement under this section shall be granted against the sentence the defendant is currently serving for the previous offense and shall not be granted against the sentence for the new offense.

*Id.*

Ms. Dodge asserts that she filed a petition for a writ of habeas corpus in Denver County District Court case number 08CR3077, in which she argued, as she does here, that the DOC has not correctly applied the 340 days' credit for her

presentence confinement awarded by the sentencing court. On May 19, 2008, the Denver District Court denied the petition. Ms. Dodge did not appeal from the denial.

Ms. Dodge must exhaust state remedies before she may pursue her claims in federal court. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he [or she] has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).

Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Ms. Dodge did not appeal to the Colorado Supreme Court from the denial of her petition for a writ of habeas corpus in Denver County District Court case number 08CR3077. The Colorado Supreme Court has jurisdiction pursuant to Colo. Rev. Stat. § 13-4-102(1)(e) to review a district court's judgment concerning a petition for writ of habeas corpus. Ms. Dodge's reason for failing to exhaust, i.e., that she did

not receive a copy of the district court's order denying her petition for writ of habeas corpus despite the fact that the order indicates a copy was sent to her, *see* preliminary response at exhibit B, at 2, does not constitute good cause for her failure to exhaust. Accordingly, it is

ORDERED that the 28 U.S.C. § 2241 habeas corpus application is denied, and the action is dismissed without prejudice for failure to exhaust state remedies.

DATED at Denver, Colorado, this 21 day of Jan. , 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02413-BNB

Maeghan Dodge
Prisoner No. 123998
La Vista Correctional Facility
1401 West 17th Street
Pueblo, CO 81003

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/21/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk